```
            UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF NEW HAMPSHIRE
```

Fred Runyon

    v.                                Civil No. 12-cv-290-PB

FNU Lee, Nashua Police
Detective, et al.

## O R D E R

Before the court are pro se plaintiff Fred Runyon's motion for the appointment of counsel (doc. no. 2), motions for arrest warrants (doc. nos. 10-12 and 14), and motions to disqualify the prosecutor and judge in a pending state criminal case (doc. nos. 23 and 24).

### Discussion

I.   Motion to Appoint Counsel

Runyon is a pretrial detainee, proceeding in forma pauperis. Runyon seeks the appointment of counsel because he is indigent and has had limited education.

There is no federal constitutional right to counsel in a civil case. The court generally has discretion to deny an appointment, unless the indigent litigant shows that his case presents exceptional circumstances, such that fundamental

unfairness, impinging upon the right to due process, is likely to result, if counsel is not appointed.  See DesRosiers v. Moran, 949 F.2d 15, 23 (1st Cir. 1991).  Here, Runyon has demonstrated that he can draft cogent arguments and claims.  Runyon's pretrial detention and lack of a complete education do not, at this time, threaten to result in fundamental unfairness.  Accordingly, the motion to appoint counsel (doc. no. 2) is denied without prejudice to refiling if exceptional circumstances should arise, warranting an appointment.

II.  Motions for Arrest Warrants

Runyon has filed four motions requesting that this court issue arrest warrants for three individuals.  The decision whether to apply for a warrant to arrest an individual is a function of the Executive Branch of government.  A "private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another. . . ."  Linda R. S. v. Richard D., 410 U.S. 614, 619 (1973).  The motions requesting arrest warrants (doc. nos. 10-12 and 14) are therefore denied.

III. Motions to Disqualify (doc. nos. 23 and 24)

Runyon has filed motions to disqualify the prosecutor and also "Judge Kicher," by which he requests that this court remove the prosecutor and presiding judge from the criminal case

pending against him in state court, and assign a new state prosecutor and judge. Runyon relies on a federal procedural rule and federal statutes for authority, but the cited authorities concern federal judges, not state judges and prosecutors. Federal courts generally lack jurisdiction to order relief interfering with ongoing state criminal proceedings. See Coors Brewing Co. v. Mendez-Torres, 678 F.3d 15, 23 (1st Cir. 2012). The motions to disqualify (doc. nos. 23 and 24) are therefore denied.

## Conclusion

For the foregoing reasons, the court denies the motion to appoint counsel (doc. no. 2) without prejudice to refiling if exceptional circumstances arise that warrant an appointment of counsel. The motions for arrest warrants (doc. nos. 10-12 and 14), and the motions to disqualify (doc. nos. 23 and 24) are denied.

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

December 14, 2012

cc: Fred Runyon, pro se

LBM:nmd