UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

Fred Runyon

    v.                                            Civil No. 12-cv-290-PB

FNU Lee, Nashua Police
Detective, et al.[1]

**O R D E R**

Before the court is the initial complaint and addenda to the complaint (doc. nos. 1, 7-9, 13 and 15-22), filed by Fred Runyon, a pretrial detainee, asserting violations of his federal constitutional rights by the Nashua Police Department ("NPD") and other government agents.[2] The initial complaint, together with the addenda thereto, are construed to be the complaint in this action for all purposes. The matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A, and

---

[1]Runyon lists as defendants: the Mayor of Nashua, New Hampshire; the Nashua Police Department ("NPD"); the NPD Chief; NPD Detective Lee, whose first name is unknown ("FNU"); NPD Officer FNU McGuire; unnamed NPD officers, a sergeant, and a detective; a "Jane Doe" prosecutor; the Hillsborough County Attorney's Office (identified by Runyon as the "Nashua District Attorney's Office"); the Hillsborough County Sheriff; and unnamed grand jurors.

[2]Runyon has asserted that this is a class action, but, as a pro se party, he cannot file a class action. See 28 U.S.C. § 1654; LR 83.2(d).

United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

## Background

Runyon claims that Nashua police officers and detectives engaged in "police brutality," and that police officers and the prosecutor in his pending criminal case have invaded his privacy and are pursuing a malicious prosecution against him. The police brutality allegedly occurred on November 11, 2011, and January 23-24 and February 24 and 27, 2012.

Upon initially reviewing the complaint (doc. nos. 1, 7-9, 13, and 15-22), and applying both the appropriate standard of review and a liberal construction in light of Runyon's pro se status, the court finds that Runyon has asserted the following claims:

> 1. Unnamed NPD officers violated Runyon's rights under the Fourth Amendment on November 11, 2011, by using unreasonable force in arresting him, in that they shocked him with stun guns repeatedly, while kicking and striking him multiple times.
>
> 2. NPD Detective Lee, Officer McGuire, and/or three "John Doe" NPD officers violated Runyon's rights under the Fourth Amendment on February 24, 2012, by using unreasonable force while transporting Runyon to the NPD, in that, after they had searched and handcuffed him, they: (a) deliberately rammed Runyon's head into a wire cage as they put him into a police cruiser, injuring his head; and (b) repeatedly slammed him against a door, injuring his ribs.

3.   Detective Lee violated Runyon's Fourth Amendment rights by using unreasonable force upon him, in that: (a) on January 23-24, 2012, Lee shocked Runyon with his Taser multiple times during an interrogation, causing Runyon pain, for no reason; (b) on February 24, 2012, Lee struck Runyon's back and ribs while he was handcuffed, causing him to fall, then stepped on Runyon's head, driving it into the floor repeatedly; and (c) on February 24, 2012, Lee choked and threatened Runyon, to get him to sign a <u>Miranda</u> waiver.

4.   Detective Lee violated Runyon's Fourteenth Amendment substantive due process rights by subjecting Runyon to coercion, amounting to torture, in that: (a) on January 23-24, 2012, Lee shocked Runyon multiple times with his Taser during an interrogation, causing Runyon pain, for no reason; (b) on February 24, 2012, while escorting Runyon from an NPD holding cell to be interrogated, Lee struck Runyon's back and ribs while he was handcuffed, causing him to fall, then stepped on Runyon's head repeatedly, driving it into the floor, and, during the ensuing interrogation, choked and threatened him, to get him to sign a <u>Miranda</u> waiver.

5.   An unnamed NPD sergeant and an unnamed booking officer violated Runyon's rights as a pretrial detainee, under the Fourteenth Amendment, on February 27, 2012, by using excessive force in transporting him while he was handcuffed, in that: (a) the sergeant and booking officer struck him in the back and ribs and slammed him against a door multiple times, injuring his ribs; (b) the sergeant rammed Runyon's head into the cell bars, injuring his head; and (c) the booking officer pushed him into a cell door, slamming it against his ribcage several times, injuring his ribs.

6.   The incidents of police brutality violated Runyon's right to equal protection under the Fourteenth Amendment.

7.   The defendant supervisors and municipalities are liable to Runyon for the unconstitutional acts of their subordinates and employees.

8.   Defendants are liable for a hate crime.

     9.   Defendants are liable for violating Runyon's privacy rights, in that, at the prosecutor's direction, Hillsborough County Department of Corrections ("HCDOC") officers searched Runyon's belongings.

     10.  Defendants are liable for a malicious prosecution of Runyon, with respect to his pending criminal case.

     11.  Defendants are liable because they forced Runyon's girlfriend to provide evidence against him, without first reading a <u>Miranda</u> warning to her.

Discussion

Pursuant to LR 4.3(d)(2)(B), this court has discretion to grant an inmate leave to file an amended complaint. Such leave should be granted liberally, as justice requires. <u>See</u> Fed. R. Civ. P. 15(a)(2).

The court finds, at this time, that Claims 1, 2, and 5, as numbered above, must be amended before this case may proceed. Accordingly, this court grants Runyon fourteen days in which to file an amended complaint, stating additional facts supporting Runyon's claims for relief, as discussed below:

I.   <u>November 11, 2011, Stun Gun Incident (Claim 1)</u>

Runyon has alleged that unnamed officers on November 11, 2011, repeatedly shocked, kicked, and struck him. The complaint lacks any details regarding the circumstances leading up to the alleged assault, and there are no officers named as responsible

parties. Before the court can direct service of this claim, Runyon must amend the complaint to cure those deficiencies.

## II. February 24, 2012, Arrest and Transport of Runyon (Claim 2)

In the complaint in Claim 2, Runyon asserts that John Does I-III, Detective Lee, and Officer McGuire deliberately rammed his head into a wire cage as they put him into a cruiser on February 24, 2012. Runyon further alleges that those defendants injured him by repeatedly slamming him against a door, at a time when Runyon was handcuffed.

In a complaint addendum (doc. no. 22), Runyon names ten officers and detectives (including McGuire), who, he asserts, are the "John Does I, II, III" in the complaint.[3] Runyon does not explain, however, why the number of officers rose from three to ten; nor does he account for the inclusion of McGuire in the John Doe list. Without specific allegations regarding what each of those officers and detectives did on February 24, 2012, the court is unable to discern who Runyon alleges is liable for the "brutality" in connection with his arrest and transport on that

---

[3]The ten NPD officers and detectives, named as the three "John Does," are: NPD Officer R. Rooney #70; NPD Officer S. Seero #65; NPD Officer Murray #142; NPD Officer M. Allen #104; NPD Officer K. Landry #48; NPD Officer S. Thomas #123; NPD Officer R. Jones #59; NPD Officer McGuire #39; NPD Detective M. Welch #D25; and NPD Detective Gephardt.

date.  Before this claim may proceed, Runyon must allege facts showing that Detective Lee, Officer McGuire, and each of the ten officers and detectives are responsible for the use of an unreasonable amount of force against him on February 24, 2012, in light of all of the facts and circumstances known to each of those officers and detectives.  See Jennings v. Jones, 499 F.3d 2, 11 (1st Cir. 2007).

### III.  February 27, 2012, Incident (Claim 5)

Runyon has alleged that an unnamed sergeant and an unnamed booking officer used substantial force against him on February 27, 2012, in violation of his Fourteenth Amendment due process rights.  Runyon is granted leave to file an amendment to the complaint naming the responsible officers and stating, with specificity, what he alleges each officer did to render that officer liable for using excessive force against him.

### IV.  Remaining Claims

After receipt of an amended complaint, or the expiration of the time granted Runyon to file an amendment, the court will complete preliminary review of all claims in this action, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(2).  Thereafter, the court will determine whether to order service or recommend

dismissal of the claims in the complaint (doc. nos. 1, 7-9, 13 and 15-22), in addition to any new or modified claims asserted in the amendment.

## Conclusion

The court grants Runyon leave to file an amended complaint, within fourteen days of the date of this order, specifying:

    1. With respect to incidents of "police brutality" on November 11, 2011, and February 24, 2012, the names of the officers responsible, the conduct of each officer on that date, and all of the facts and circumstances that Runyon believes show that each officer's use of force against him on those dates was excessive.

    2. With respect to the incident of "police brutality" occurring on February 27, 2012, the names of the sergeant and the booking officer, who, while transporting Runyon between Runyon's cell and booking, allegedly used excessive force against him, and all of the facts and circumstances that Runyon believes show that each officer's use of force against him on those dates was excessive.

SO ORDERED.

                                              _____
                                              Landya McCafferty
                                              United States Magistrate Judge

December 14, 2012

cc: Fred Runyon, pro se

LBM:nmd