UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


Fred Runyon

    v.                                        Civil No. 12-cv-290-PB

Dennis Lee, et al.[1]


**REPORT AND RECOMMENDATION**

Before the court is the complaint and the addenda thereto (doc. nos. 1, 7-9, 13, 15-22, 27, 29-31), filed by plaintiff Fred Runyon.[2]  Runyon filed the addendum docketed as Document No. 27 specifically in response to this court's December 14, 2012, order (doc. no. 26), granting him leave to add allegations, and to identify responsible parties, with respect to the claims in

---

[1]Runyon originally listed as defendants Nashua Police Department ("NPD") Officers Dennis Lee and McGuire, whose first name is unknown ("FNU").  An addendum to the complaint (doc. no. 27) omits McGuire from the list of responsible officers, indicating to the court that Runyon no longer intends to sue him.  The court also construes the complaint as having intended to name other defendants, including the Mayor of Nashua; the NPD Chief of Police; NPD Officers FNU LaRoche, Clark Gaphardt, William Silva, Eric Boutwell, Sgt. Thomas Bolton, Sgt. Greg Allard, and one or more John Doe officers; the unnamed prosecutor in Runyon's criminal case, and the unnamed grand jurors who returned one or more indictments against Runyon in that case.

[2]In an order issued this date, the court has directed the clerk's office to redocket as addenda to the complaint Runyon's filings originally docketed as motions (doc. nos. 29-31).

the complaint. The matter is before the court for preliminary review, pursuant to 28 U.S.C. § 1915A(a), and United States District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

### Standard for Preliminary Review

Pursuant to LR 4.3(d)(2) and 28 U.S.C. § 1915A(a), the magistrate judge conducts a preliminary review of pro se prisoner complaints before defendants have an opportunity to respond to the claims. The magistrate judge may direct service of the complaint, or, as appropriate, recommend to the district judge that one or more claims be dismissed if: the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(2).

In determining whether a pro se prisoner complaint states a claim, the court must construe the complaint liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). To survive preliminary review, the complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" See Ashcroft v.

Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To determine plausibility, the court treats as true all well-pleaded factual allegations, and construes all reasonable inferences drawn therefrom in the plaintiff's favor.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).

## Background

Runyon claims that Nashua Police Department ("NPD") officers and detectives used excessive force against him, and that government officials invaded his privacy and pursued a malicious prosecution against him.  Runyon's excessive force allegations relate to incidents that Runyon asserts occurred on November 11, 2011, January 23-24, 2012, and February 24 and 27, 2012.  The malicious prosecution allegations relate to Runyon's prosecution on a charge that he violated bail conditions in March 2010 by calling a witness in a criminal case then pending against him.  The invasion of privacy claim relates to searches alleged to have occurred while Runyon was in the custody of the Hillsborough County Department of Corrections ("HCDOC").  During the pendency of this action, Runyon pleaded guilty in the state superior court to offenses arising out of events occurring on February 24 and February 27, 2012, including a charge that he

had stalked a victim by contacting her by phone on February 27, 2012, in violation of the conditions of a bail order.  See State v. Runyon, No. 226-2012-CR-00242 (N.H. Super. Ct., Hillsborough Cnty., S. Div., Jan. 4, 2013) (entry of guilty plea).

## Claims

The claims asserted by Runyon in this action, in the complaint and in the addenda thereto (doc. nos. 1, 7-9, 13, 15-22, 27, and 29-31), are the following:

    1.   One or more unnamed John Doe NPD officers violated Runyon's rights under the Fourth Amendment on November 11, 2011, by using unreasonable force in arresting him, in that they shocked him with stun guns repeatedly, while kicking and striking him multiple times.

    2.   NPD Officers Laroche, Dennis Lee, and other unnamed officers violated Runyon's rights under the Fourth Amendment by using unreasonable force while arresting and transporting Runyon to the NPD, in that, on February 24, 2012, after searching and handcuffing Runyon: (a) Lee and Laroche deliberately rammed Runyon's head into a wire cage as they put him into a police cruiser, injuring his head; and (b) Lee and other NPD officers repeatedly slammed Runyon against a door upon their arrival at the NPD, injuring Runyon's ribs.

    3.   NPD Officers Clark Gaphardt and Dennis Lee violated Runyon's Fourth Amendment rights by using unreasonable force upon him, in that: (a) on January 23-24, 2012, Gaphardt shocked Runyon with his Taser multiple times during an interrogation, causing Runyon pain, for no reason; (b) on February 24, 2012, Lee struck Runyon's back and ribs while he was handcuffed, causing him to fall, then repeatedly stepped on Runyon's head, driving it into the floor; and (c) on February 24, 2012, Lee choked and threatened Runyon, to get him to sign a Miranda waiver.

4

4.   NPD Officers Clark Gaphardt and Dennis Lee violated Runyon's Fourteenth Amendment substantive due process rights by subjecting Runyon to coercion, amounting to torture, in that: (a) on January 23-24, 2012, Gaphardt shocked Runyon multiple times with his Taser during an interrogation, causing Runyon pain, for no reason; (b) on February 24, 2012, while escorting Runyon from an NPD holding cell to be interrogated, Lee struck Runyon's back and ribs while Runyon was handcuffed, causing Runyon to fall, then repeatedly stepped on Runyon's head, driving it into the floor, and, during the ensuing interrogation, choked and threatened Runyon, to get him to sign a Miranda waiver.

5.   NPD Officer William Silva and Sgt. Thomas Bolton violated Runyon's Fourteenth Amendment due process rights on February 27, 2012, by using excessive force in transporting him within the NPD while he was handcuffed, in that: (a) Silva and Bolton struck him in the back and ribs and slammed him against a door multiple times, injuring his ribs; (b) Bolton rammed Runyon's head into the cell bars, injuring his head; and (c) Silva pushed him into a cell door, slamming it against his ribcage several times, injuring his ribs.

6.   The incidents of excessive force alleged in the complaint violated Runyon's right to equal protection under the Fourteenth Amendment.

7.   The officers' supervisors and their municipal employers are liable to Runyon for the unconstitutional acts of their subordinates and/or employees.

8.   Defendants are liable for a hate crime.

9.   Unnamed officers are liable for violating Runyon's privacy rights, in that, at the prosecutor's direction, those officers searched Runyon's belongings at the HCDOC.

10.  Officer Eric Boutwell and Sgt. Greg Allard, as well as the prosecutor and each of the grand jurors in Runyon's criminal case, are liable for malicious

prosecution and false imprisonment of Runyon, relating to charges arising from events occurring in February 2012, including the February 27, 2012, stalking charge to which Runyon pleaded guilty.

    11.  NPD officers are liable to Runyon because they forced Runyon's girlfriend to provide evidence against him, without first reading her a Miranda warning.

## Discussion

### I. Excessive Force

Runyon has asserted that he endured excessive force in violation of his Eighth Amendment rights, in connection with his NPD arrests, detention, and interrogations. Runyon's claims of police brutality incident to an arrest, however, are properly analyzed applying a Fourth Amendment standard, while his claims alleging that officers used excessive force against Runyon when he was a pretrial detainee, or subjected him to force amounting to torture during an interrogation, must be analyzed as Fourteenth Amendment due process claims. See Graham v. Connor, 490 U.S. 386, 394 (1989); see also Stoot v. City of Everett, 582 F.3d 910, 928 (9th Cir. 2009) (torture claim is analyzed under Fourteenth Amendment) (citing Chavez v. Martinez, 538 U.S. 760, 773 (2003) (Thomas, J., plurality opinion)), cert. denied, 130 S. Ct. 2343 (2010)); Wamala v. City of Nashua, 09-CV-304-JD, 2010 WL 4684030, *9-*11 (D.N.H. Nov. 10, 2010).

To state a Fourth Amendment excessive force claim, Runyon must show that the defendant officers' actions were objectively unreasonable, in light of the facts and circumstances known to them at the time.  See Jennings v. Jones, 499 F.3d 2, 11 (1st Cir. 2007) (citing Graham, 490 U.S. at 397).  Factors relevant to the objective reasonableness of the force used include the "severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."  Jennings, 499 F.3d at 11.

The Fourteenth Amendment standard applied to a detainee's excessive force claim is the same standard applied under the Eighth Amendment: "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm."  Hudson v. McMillian, 503 U.S. 1, 7 (1992).  The relevant factors for evaluating a pretrial detainee's excessive force claim include: the need for force; the relationship between the need for force and the amount of force applied; the extent of any injury inflicted; the "threat 'reasonably perceived by the responsible officials'"; and the "'efforts made to temper the severity of a forceful response.'"  Id. (quoting Whitley v. Albers, 475 U.S. 312, 321 (1986)).

The standard applied to whether a coercive interrogation is unconstitutional under the Fourteenth Amendment is whether the police conduct at issue "'shocks the conscience' and violates the 'decencies of civilized conduct.'" Cnty. of Sacramento v. Lewis, 523 U.S. 833, 846 (1998); see also Stoot, 582 F.3d at 928. Liability accrues in a civil action only where defendants engage in "the most egregious official conduct." Cnty. of Sacramento, 523 U.S. at 846.

A.   November 11 Stun Gun Incident (Claim 1)

Runyon has alleged that on November 11, 2011, unnamed officers repeatedly kicked, struck, and stunned him with Tasers, incident to their arrest of Runyon. Runyon simply names a set of NPD officers (including Dennis Lee, FNU Laroche, FNU Brooks, and Charles MacGregor) without specifically linking any of those officers to events occurring on November 11, 2011, or otherwise demonstrating that each of those officers participated in the use of excessive force against Runyon on that date.

The court allows this claim to proceed in the order issued this date, anticipating that Runyon may obtain the responsible officers' names either through discovery upon the named defendants, see, e.g., Fed. R. Civ. P. 33, or by a subpoena served upon the NPD, see Fed. R. Civ. P. 45. Upon identifying

the officers, Runyon is advised that he must act promptly to move to amend the complaint to add them as defendants so that they may be timely served, see Martinez-Rivera v. Sanchez Ramos, 498 F.3d 3, 8 & n.5 (1st Cir. 2007), or the claim may be dismissed, see Figueroa v. Rivera, 147 F.3d 77, 82-83 (1st Cir. 1998) (citing Fed. R. Civ. P. 4(m)).

    B.   February 24 Arrest and Transport to NPD (Claim 2)

Runyon has alleged that on February 24, 2012, the Nashua police, responding to a "disturbance," arrested him at the Country Barn Motel in Nashua. After searching and handcuffing him, NPD Officers Dennis Lee and Laroche, are alleged to have deliberately rammed Runyon's head into a wire cage while putting him into a cruiser. Runyon further alleges that Lee and/or other officers injured Runyon's ribs by repeatedly slamming him against a door at the NPD, at a time when Runyon was handcuffed and being escorted by those police officers, circumstances that reduced the risk that Runyon would harm anyone or flee.

Construing the factual allegations and all reasonable inferences drawn therefrom in a light most favorable to Runyon, the court concludes that the complaint plausibly states actionable claims that the officers used excessive force against Runyon at the scene of his arrest, and upon his arrival at the

9

NPD, on February 24, 2012, in violation of Runyon's Fourth Amendment rights. Accordingly, the court has directed service of these Fourth Amendment claims upon Lee and Laroche in an order issued this date.

### C.   Coercion Relating to Interrogations

Runyon further alleges that on January 23-24, 2012, a detective, identified by Runyon as Officer Clark Gaphardt, used his Taser on Runyon multiple times, "for no reason," while interrogating him, causing Runyon pain, without any legitimate basis for the use of force. Additionally, Runyon alleges that on February 24, 2012, while escorting Runyon within the NPD, NPD Officer Lee struck Runyon's back and ribs, causing him to fall, and then repeatedly stepped on Runyon's head, all while Runyon was handcuffed behind his back. Sometime thereafter, while interrogating Runyon, who remained handcuffed, Lee choked Runyon and threatened him with worse consequences, to get Runyon to sign a <u>Miranda</u> waiver.

#### 1.   Fourth Amendment Excessive Force (Claim 3)

As to both the January 23-24 and February 24 incidents, Runyon has asserted facts that allege plausible Fourth Amendment excessive force claims. Accordingly, the court has directed

service of these claims upon Lee and Gaphardt in the order issued this date.

        2.    <u>Substantive Due Process Claims (Claim 4)</u>

The facts relating to Lee's and Gaphardt's interrogations of Runyon also form the basis for plausible claims of the use of torture in violation of Runyon's Fourteenth Amendment substantive due process rights. Gaphardt's use of a Taser "for no reason" during an interrogation in January 2012, and Lee's use of force to choke Runyon to get him to sign a <u>Miranda</u> waiver, can be construed as use of torture to obtain a confession, which is the type of egregious government conduct that shocks the conscience. See <u>Stoot</u>, 582 F.3d at 928 (citing <u>Chavez</u>, 538 U.S. at 773). Accordingly, in an order issued this date, the court has directed service of Fourteenth Amendment substantive due process claims upon Lee and Gaphardt.

    D.    <u>February 27 Incident at NPD (Claim 5)</u>

Runyon alleges that on February 27, 2012, NPD Sgt. Thomas Bolton and Officer William Silva removed Runyon from his cell, hit him in the back and ribs, and slammed him against a door multiple times, before taking him to booking. Runyon further alleges that upon bringing him back to his cell, Sgt. Bolton rammed

11

Runyon's head into the cell bars, and Silva pushed him into the cell door, slamming it against his ribcage several times. Runyon has alleged facts to assert excessive force claims against officers Silva and Bolton, and the court has directed service of these claims against those officers.

III. Supervisory and Municipal Liability (Claim 7)

Supervisory liability under section 1983 lies only where the "supervisor's conduct led inexorably to the constitutional violation." Maldonado v. Fontanes, 568 F.3d 263, 275 (1st Cir. 2009). A similar limitation applies for finding municipal liability. See Connick v. Thompson, 131 S. Ct. 1350, 1359 (2011) (municipalities may not be held vicariously liable under section 1983); Young v. City of Providence ex rel. Napolitano, 404 F.3d 4, 25 (1st Cir. 2005) ("it is only when the governmental employees' 'execution of a government's policy or custom . . . inflicts the injury' and is 'the moving force' behind the constitutional violation that a municipality can be liable" under section 1983 (citation omitted)). Runyon has failed to plead any facts showing that any supervisor took steps leading to the constitutional violations, or that any municipal policy or custom led to the conduct at issue. Accordingly, the court should dismiss the claims asserted against the defendants'

employers and supervisors, including the NPD, the NPD Chief of Police, and the Nashua Mayor.

IV.  Remaining Claims (Claims 6 and 8-11)

Runyon's equal protection claim (Claim 6) should be dismissed as Runyon has failed to show that he suffered discrimination based on his race, religion, or any other class affiliation or association. Additionally, he has failed to show that he was treated differently from others similarly situated without a rational basis for the differential treatment. See Jackson v. Norman, 264 F. App'x 17, 20 (1st Cir. 2008).

Runyon further asserts that he has been the victim of a hate crime, and that his rights under the "Privacy Act" have been violated. Neither 18 U.S.C. § 249 (hate crimes), nor 5 U.S.C. § 552a (Privacy Act), provides a cause of action for any claim asserted in the complaint. Similarly, the court should dismiss claims that officers have violated Runyon's privacy rights by searching his belongings at the HCDOC, as an inmate has no reasonable expectation of privacy in his prison cell entitling him to the protection of the Fourth Amendment proscription against unreasonable searches. See Hudson v. Palmer, 468 U.S. 517, 526 (1984). Accordingly, Claims 8 and 9 should be dismissed.

Runyon's Fourth and Fourteenth Amendment claims of malicious prosecution and false imprisonment, with respect to charges arising out of incidents occurring in February 2012, should be dismissed because Runyon has failed to allege facts showing an absence of probable cause for his detention or a favorable resolution of the relevant charges. See Wallace v. Kato, 549 U.S. 384, 386 (2007); Calero-Colon v. Betancourt-Lebron, 68 F.3d 1, 3 n.5 (1st Cir. 1995) (elements of malicious prosecution claim include favorable termination requirement).[3] The court should further dismiss the malicious prosecution claims asserted against the grand jurors and the prosecutor, as they each enjoy absolute immunity from such claims. See Imbler v. Pachtman, 424 U.S. 409, 438 (1976); Ray v. New Jersey, 219 F. App'x 121, 124 (3d Cir. 2007). Finally, Runyon's claim that defendants forced his girlfriend to provide evidence against him, should be dismissed, as Runyon cannot assert a violation of the rights of his girlfriend, a third party, in this action. See Katz v. Pershing, LLC, 672 F.3d 64, 72 (1st Cir. 2012) (to have standing, plaintiff must ordinarily show that his claim is

---

[3] The First Circuit has expressed doubt regarding whether a malicious prosecution claim is ever actionable under § 1983. See Moreno-Medina v. Toledo, 458 F. App'x 4, 7 (1st Cir. 2012). This court declines to resolve the issue, as the claim is otherwise subject to dismissal.

14

premised on his own legal rights, not those of third party). For those reasons, Claims 10 and 11 should be dismissed.

## Conclusion

For the foregoing reasons, with the exception of Claims 1-5 identified above, asserted against defendant NPD Officers Dennis Lee, Clark Gaphardt, William Silva, FNU Laroche, and Sgt. Thomas Bolton, the court should dismiss all claims and defendants in this case. The court in an order issued this date has directed service of Claims 1-5 upon Lee, Gaphardt, Silva, Laroche, and Bolton. All other claims, and all other defendants in the complaint and the addenda thereto (doc. nos. 1, 7-9, 13, 15-22, 27, and 29-31), should be dismissed from this action.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2). Failure to file objections within the specified time waives the right to appeal the district court's order. See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district

court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

February 14, 2013

cc: Fred Runyon, pro se

LBM:nmd