UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

_____
:
Fred Runyon  :
   :
      Plaintiff  :
v.   :
   :    Civil Action No.  12-CV-290-PB
Dennis Lee, et al.  :
   :
      Defendants  :
_____:

## DEFENDANTS' PROPOSED DISCOVERY PLAN

**DATE/PLACE OF CONFERENCE**:  The Defendants have attempted to communicate with the Plaintiff, an incarcerated pro se prisoner, via mail pursuant to the Court's Notice of Pretrial Conference dated March 12, 2013, including sending to him draft of the instant plan and a sample from a similar case.  Plaintiff represents (via a recently filed "Formal Request for Appointed Assistance of Counsel") that he did not receive the proposed plan and in any event indicates that he is unlikely to accept any proposal by defense counsel. *See id*. at ¶ 1 (noting that Plaintiff "knows not what his adversary . . . is up to").

In light of the upcoming April 19, 2013 Scheduling Conference before Judge Landya B. McCafferty and the difficulty in obtaining Plaintiff's assent, the Defendants submit the following for the Court's consideration:

**COUNSEL PRESENT/PRESENTING:**

        Plaintiff:
        Pro-se, Fred Runyon
        86769
        NH State Prison for Men
        281 North State Street
        PO Box 14
        Concord, NH 03302-0014

        Defendants:
        Brian J. S. Cullen, Esquire (NH Bar # 11265)
        Cullen Collimore, PLLC
        10 East Pearl Street
        Nashua, NH 03060

**CASE SUMMARY:**

    **THEORY OF LIABILITY**:

    Plaintiff asserts that the Defendants used excessive force on multiple occasions in violation of his federal constitutional rights.

    **THEORY OF DEFENSE**:

    The Defendants deny the allegations and assert defenses of official and qualified immunity, discretionary function immunity, and other applicable immunities.

**DAMAGES:** The Plaintiff seeks money damages for the infringement upon and violation of his rights and attorneys' fees and costs.

    The Defendants deny that the Plaintiff sustained any compensable damages due to the Defendants' actions.

**DEMAND:** July 15, 2013

**OFFER:** September 15, 2013

**JURISDICTIONAL QUESTIONS:** None.

**QUESTIONS OF LAW:**

    Whether Defendants violated Plaintiff's constitutional rights?

    Whether Defendants are immune from liability pursuant to state and federal law?

**TYPE OF TRIAL:** Jury trial.

**DISCOVERY:**

    **TRACK ASSIGNMENT**: approximately 12 months. Ready for trial April, 2014.

    **DISCOVERY NEEDED**: The parties will exchange factual background and documentation regarding claims and defenses of the parties.

    Parties reserve the right to object to discovery of Electronically Stored Information ("ESI") to the extent that it is unduly burdensome or is not proportional to the issues involved in this matter and/or the amount in controversy.

**MANDATORY DISCLOSURES (Fed. R. Civ. P. 26(a)(1))**:

The parties will comply with Fed.R.Civ.P. 26(a)(1) by providing mandatory disclosures by June 1, 2013.

**ELECTRONIC INFORMATION DISCLOSURES (Fed. R. Civ. P. 26(f)**:  The Parties agree to preserve all evidence which is likely to lead to the discovery of admissible evidence in this matter.  The Parties further agree that to the extent emails or documents have been deleted due to the good faith use of a document retention policy, including regular email deletion practices, they will not seek sanctions based upon those deletions which predate this agreement.

Subject to the right to assert any applicable objections and exemptions, including but not limited to confidentiality and privacy issues regarding student records, the Parties will respond to any requests for documents maintained in electronic format to the extent included in discovery requests.  Any e-discovery search requests will be limited to no more than ten (10) key words and five (5) custodians to be used to search ESI unless otherwise agreed upon by the Parties based upon a specific need.  Any electronic documents will be produced in a format agreed upon by the parties based upon specific needs and costs.

Should it prove necessary to restore any back-up or archived data, the party requesting that data will bear the cost of obtaining such data after attempting to locate the equivalent information in other sources.  Each party reserves the right to object that any request is unduly burdensome.

**STIPULATION REGARDING CLAIMS OF PRIVILEGE/PROTECTION OF TRIAL PREPARATION MATERIALS (Fed. R Civ. P. 26(f))**:  The Parties reserve the right to assert any privileges to inadvertently disclosed privileged documents, and agree that such inadvertent disclosure shall not operate as a waiver of any privilege, and that each party shall have the right to request and obtain return of such documents as set forth in Fed. R. Civ. P. 26(b)(5)(B).  If any party wishes to contest such a claim of privilege, any such material may be filed with the court only with a request that it be sealed.

**COMPLETION OF DISCOVERY**:  Date all discovery completed: 60 days prior to trial date according to track.

**INTERROGATORIES**:  A maximum of 30 interrogatories by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**REQUESTS FOR ADMISSIONS**:  A maximum of 25 requests for admission by each party to any other party.  Responses due 30 days after service unless otherwise agreed to pursuant to Fed. R. Civ. P. 29.

**DEPOSITIONS**:  A maximum of 7 depositions per side.  Each deposition limited to a maximum of seven (7) hours unless extended by agreement of Parties.

**DATES OF DISCLOSURE OF EXPERTS AND EXPERTS' WRITTEN REPORTS AND SUPPLEMENTATIONS**:

>**Plaintiff:**  September 1, 2013
>**Defendants:**  November 1, 2013

Supplementations by plaintiff under Rule 26(e) due December 1, 2013.
Supplementation by defendants under Rule 26(e) by January 1, 2014.

**CHALLENGES TO EXPERT TESTIMONY**:  Due date no later than 45 days prior to trial.

## OTHER ITEMS

**DISCLOSURE OF CLAIMS AGAINST UNNAMED PARTIES:**  If defendants claim that unnamed parties are at fault on a state law claim (see DeBenedetto v. CLD Consulting Engineers, Inc., 153 N.H. 793 (2006)), defendants shall disclose the identity of every such party and the basis of the allegation of fault no later than 30 days before the Joinder of Additional Parties deadline and 15 days before the plaintiff's expert disclosure deadline.  Plaintiff shall then have 30 days from the date of disclosure to amend the complaint.

**JOINDER OF ADDITIONAL PARTIES:**

>**Plaintiff:**  July 15, 2013
>**Defendants:**  August 15, 2013

**THIRD-PARTY ACTIONS:**  August 15, 2013

**DISPOSITIVE MOTIONS:**

>**To Dismiss or Judgment on Pleadings:**  No later than 90 days after preliminary pretrial or adoption of this discovery plan.

>**For Summary Judgment:**  No later than 120 days prior to trial date according to track.

4

**SETTLEMENT POSSIBILITIES:**  The Defendants are not in a position to assess settlement at this time.

**JOINT STATEMENT RE: MEDIATION:**  The Defendants are not presently in a position to evaluate mediation or its benefit in this case, and therefore do not agree to conduct same. Should discovery suggest that mediation would be beneficial, parties will notify the court.

**WITNESSES AND EXHIBITS:**  Due dates – 10 days before final pretrial conference but not less than 30 days before trial for lists included in final pretrial statements and 14 days after service of final pretrial statement for objections – set by Clerk's notice of trial assignment.

**TRIAL ESTIMATE:**  3 days.

**TRIAL DATE:**  Defendants propose after April 1, 2014.

**PRELIMINARY PRETRIAL CONFERENCE:**  The Defendants do not require a preliminary pretrial conference with the Court before entry of the scheduling order in accordance with this Discovery Plan.

**OTHER MATTERS:**  The Defendants are not aware of any other matters at this time.

                                        Respectfully submitted,

Dated:  April 9, 2013                THOMAS BOLTON,
                                      CLARK GAPHARDT,
                                      PETER LaROCHE
                                      DENNIS LEE, and WILLIAM SILVA

                                        By their Attorneys,
                                        CullenCollimore, pllc

                               By: /s/ Brian J.S. Cullen
                                    Brian J. S. Cullen, Esquire
                                    NH Bar # 11265
                                    10 East Pearl Street
                                    Nashua, NH  03060
                                    (603) 881-5500
                                    bcullen@cullencollimore.com

**CERTIFICATE OF SERVICE**

      I hereby certify that the foregoing has been submitted for service via first class mail to Fred Runyon, *pro se*, NH State Prison for Men, 281 North State Street, P.O. Box 14, Concord, NH  03302-0014


Dated:  April 9, 2013                           /s/ Brian J.S. Cullen