UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Fred Runyon</u>

   v.                                                          Civil No. 12-cv-290-PB

<u>Dennis Lee et al.</u>[1]

**REPORT AND RECOMMENDATION**

Before the court are nine motions (doc. nos. 35-37 and 40-45) and a complaint addendum (doc. no. 46), filed by plaintiff, Fred Runyon, seeking to add allegations and claims to this case. Defendants have responded to the addendum and have objected to the motions filed after they appeared (doc. nos. 40-46). <u>See</u> Obj. (doc. no. 47). Runyon's filings have been referred to the magistrate judge to determine, among other things, if they state claims upon which relief can be granted. <u>See</u> U.S. District Court District of New Hampshire Local Rule ("LR") 4.3(d)(2).

**Discussion**

I.  <u>Standard</u>

In evaluating these pro se motions to amend, the court applies the standards applicable to the preliminary review of claims asserted by prisoners under 28 U.S.C. § 1915A and LR

---

[1] Defendants who have been served in this action include Nashua Police Officers Dennis Lee, Clark Gaphardt, William Silva, Peter LaRoche, and Sgt. Thomas Bolton.

4.3(d)(2), and to motions filed pursuant to Federal Rule of Civil Procedure 15(a).  See Adorno v. Crowley Towing & Transp. Co., 443 F.3d 122, 126 (1st Cir. 2006) (court applies Rule 12(b)(6) standard in evaluating proposed complaint amendments); see also Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (to determine if complaint states plausible claim, court must take non-conclusory, non-speculative facts as true, draw all reasonable inferences in pleader's favor, and isolate and ignore statements that simply rehash claim elements or offer only legal labels and conclusions).

II.  Assault and Battery Claims (Doc. No. 35)

The court construes the first motion (doc. no. 35) as one that seeks to add intentional tort claims of assault and battery to this suit, based on the factual allegations set forth in Claims 1 and 2 in the February 14, 2012, report and recommendation (doc. no. 32).  This court has supplemental jurisdiction over these claims, as they arise out of the same case or controversy as the previously asserted § 1983 claims. See 28 U.S.C. § 1367.

Under state law, a person who intentionally strikes and injures another may be liable in tort, see Silva v. Warden, 150 N.H. 372, 374, 839 A.2d 4, 6 (2003), and that person's employer

may be vicariously liable if the act was performed in part to serve the employer, see Daigle v. City of Portsmouth, 129 N.H. 561, 580-81, 534 A.2d 689, 699-700 (1987).  Here, Runyon has stated plausible tort claims against the unnamed officers who allegedly kicked, struck, and/or stunned Runyon with stun guns in November 2011; the officers who used force in arresting Runyon on February 24, 2012; and those officers' employer, the Nashua Police Department ("NPD"), under a theory of respondeat superior.  In the order issued this date, the court adds new Claims 3 and 4 to this action and directs that they be served upon the individual defendant officers and the NPD:

> Claim 3.  One or more unnamed John Doe NPD officers, and their employer, the NPD, are liable to Runyon under state law, for the intentional torts of assault and battery, for the officers' use of unreasonable force in arresting Runyon in November 2011, in that, knowing that their conduct was likely to injure Runyon, the officers shocked Runyon with stun guns multiple times while repeatedly kicking and striking him.

> Claim 4.  NPD Officers Peter Laroche, Dennis Lee, and other unnamed NPD officers, and their employer, the NPD, are liable to Runyon under state law, for the intentional torts of assault and battery, for the officers' use of unreasonable force in arresting and transporting Runyon to the NPD, in that, knowing that their actions would injure Runyon: (a) Lee and Laroche deliberately rammed Runyon's head into a wire cage as they put him into a police cruiser, injuring his head; and (b) Lee and other NPD officers repeatedly slammed Runyon against a door upon their arrival at the NPD, injuring Runyon's ribs.

III. <u>Crimes and Girlfriend (Doc. Nos. 36, 37, and 45)</u>

Runyon alleges that defendants engaged in "extortion," blackmail, stalking and harassing Runyon and his girlfriend, and that they gave away Runyon's identity to another person.  Runyon has failed to assert sufficient, nonconclusory, nonspeculative factual allegations as to these matters to state claims upon which relief can be granted.  Furthermore, Runyon does not have standing to assert claims on his girlfriend's behalf.  Accordingly, the motions seeking to add those claims (doc. nos. 36, 37, and 45) should be denied.

IV. <u>Municipal Liability (Doc. No. 40)</u>

Runyon's next motion seeks to add a § 1983 claim against that the City of Nashua and the Nashua Police Department. Municipalities and their agencies, however, may not be held vicariously liable under 42 U.S.C. § 1983.  <u>See</u> <u>Connick v. Thompson</u>, 131 S. Ct. 1350, 1359 (2011); <u>Young v. City of Providence ex rel. Napolitano</u>, 404 F.3d 4, 25 (1st Cir. 2005) ("it is only when the governmental employees' 'execution of a government's policy or custom . . . inflicts the injury' and is 'the moving force' behind the constitutional violation that a municipality can be liable" under section 1983 (citation omitted)).  Runyon has not alleged that the officers at issue

4

were acting pursuant to any municipal policy or custom. The § 1983 claim of municipal liability would properly be dismissed if it were added to this case, and amending the complaint to add such claims would be futile.

The court notes that Runyon has a right to amend the complaint once within twenty-one days after service of an answer, see Fed. R. Civ. P. 15(a)(1). Granting Document No. 40 based on the timing of the filing alone, and thereafter dismissing the new claim of municipal liability, pursuant to 28 U.S.C. § 1915A and LR 4.3(d)(2), would waste resources, complicate the docket, and risk confusing the parties. Cf. Fed. R. Civ. P. 1. Therefore, the court should simply deny the motion to amend (doc. no. 40), for reasons stated herein.

V.   Self Defense (Doc. No. 41)

In his next motion (doc. no. 41), Runyon seeks to add factual allegations relating to his November 2011 arrest. The court construes this motion as intending to supplement the facts alleged in connection with Claim 1, as identified in the February 14 report and recommendation (doc. no. 32). Runyon's new allegations are that the unnamed officers who assaulted him in November 2011 did not identify themselves as police officers; Runyon did not know that they were police officers; and Runyon

5

fought back when the officers assaulted him in order to protect himself. In an order issued this date, the court has directed defendants to file their response to these new allegations within 28 days.

VI. <u>Judge and Magistrate (Doc. No. 42)</u>

Runyon has asserted in the sixth motion to amend (doc. no. 42) that the judge and magistrate in his state criminal case discriminated against him and violated his rights under the First, Sixth, Eighth, Thirteenth, and Fourteenth Amendments to the United States Constitution. Runyon has failed to plead sufficient nonconclusory facts to state plausible claims that those judicial officers have violated his federal constitutional rights. Moreover, judicial officers are immune from damages suits for acts taken within their judicial capacity, unless the challenged actions were "'taken in the complete absence of all jurisdiction.'" <u>Nystedt v. Nigro</u>, 700 F.3d 25, 31 (1st Cir. 2012) (quoting <u>Mireles v. Waco</u>, 502 U.S. 9, 12-13 (1991)); <u>see also</u> <u>Stump v. Sparkman</u>, 435 U.S. 349, 356-67, 360 (1978). Presiding over a criminal case and issuing decisions are judicial functions. Accordingly, the court should deny the motion (doc. no. 42) seeking to add claims against the judicial officers involved in Runyon's state criminal proceedings.

VII. <u>Requests for Relief (Doc. Nos. 43 and 44)</u>

In the motions docketed as Document Nos. 43 and 44, Runyon specifies the relief he seeks in this action. In the order issued this date, the court has directed the clerk to redocket those motions as complaint addenda.

VIII. <u>Cover-up (Doc. No. 46)</u>

The clerk has docketed Runyon's most recent filing as a complaint addendum (doc. no. 46). This document asserts that the NPD does not want to admit Runyon's allegations, and that the NPD has paid a lawyer to cover up the truth. Defendants have denied these allegations. <u>See</u> Obj. (doc. no. 47). This filing fails to state a claim upon which relief can be granted, and any claim intended to be asserted therein should be dismissed.

**Conclusion**

For the foregoing reasons, the court should deny five of Runyon's pending motions (doc. nos. 36, 37, 40, 42, and 45). Runyon has failed to state viable claims for relief in these motions. The complaint addendum (doc. no. 46) fails to state any claim upon which relief can be granted, and any claim intended to be asserted therein should be dismissed.

In a separate order this date, the court has (1) granted the motion (doc. no. 35), seeking to add pendent tort claims of assault and battery; (2) granted the motion (doc. no. 41) to add new allegations concerning November 2011; and (3) construed the remaining motions (doc. nos. 43 and 44) as complaint addenda, specifying the relief Runyon requests in this action.

Any objections to this report and recommendation must be filed within fourteen days of receipt of this notice.  See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the district court's order.  See United States v. De Jesús-Viera, 655 F.3d 52, 57 (1st Cir. 2011), cert. denied, 132 S. Ct. 1045 (2012); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010) (only issues fairly raised by objections to magistrate judge's report are subject to review by district court; issues not preserved by such objection are precluded on appeal).

_____
Landya McCafferty
United States Magistrate Judge

April 9, 2013

cc:  Fred Runyon, pro se
     Brian Cullen, Esq.

LBM:nmd