UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE


<u>Fred Runyon</u>

    v.                                  Civil No. 12-cv-290-PB

<u>Dennis Lee et al.</u>[1]


**O R D E R**

Before the court are four motions (doc. nos. 35, 41, 43, and 44), filed by plaintiff, Fred Runyon, seeking leave to add new allegations, claims, and requests for relief to this action.[2] Defendants' objection addresses the motions (doc. nos. 41, 43, and 44) that were filed after they appeared and answered the complaint.  <u>See</u> Obj. (doc. no. 47).

---

[1] Defendants who have been served are Nashua Police Officers Dennis Lee, Clark Gaphardt, William Silva, Peter LaRoche, and Sgt. Thomas Bolton.

[2] Local Rule 15.1 does not allow a plaintiff to state his claims in bits and pieces, as plaintiff has done so far in this case.  A plaintiff seeking to amend a complaint must restate all of his allegations in one document – the proposed amended complaint – and file that document as an exhibit to a motion to amend, highlighting the new material and explaining why the new material was not in the initial complaint.  <u>See</u> LR 15.1.  The court expects plaintiff to comply with LR 15.1, and to avoid filing serial motions to amend, if he seeks to add claims or factual allegations to this action in the future.

**Discussion**

I. <u>New Pendent Tort Claims</u>

For reasons stated in the report and recommendation issued this date ("R&R"), the court grants the motion to add pendent state law intentional tort claims of assault and battery (doc. no. 35) to this lawsuit. Those claims are asserted against the defendant officers and their employer, the Nashua Police Department ("NPD"), a municipal agency.

In summary, the following claims for relief are stated in the complaint and in the complaint addenda (doc. nos. 1, 7-9, 13, 15-22, 27, 29-31, 35-37, and 40-42)[3]:

> Claim 1. One or more unnamed John Doe NPD officers violated Runyon's rights under the Fourth Amendment in November 2011, by using unreasonable force in arresting him, in that they shocked him with stun guns multiple times, while repeatedly kicking and striking him, rendering each of those officers individually liable to Runyon under 42 U.S.C. § 1983.
>
> Claim 2. NPD Officers Peter Laroche, Dennis Lee, and other unnamed officers violated Runyon's rights under the Fourth Amendment by using unreasonable force while arresting and transporting Runyon to the NPD, in that, on February 24, 2012, after searching and handcuffing Runyon: (a) Lee and Laroche deliberately rammed Runyon's head into a wire cage as they put him into a police cruiser, injuring his head; and (b) Lee and other NPD officers repeatedly slammed Runyon against a door upon their arrival at the NPD,

---

[3] The court has deleted the reference to "November 11" as the date of the 2011 arrest, noting, without making any finding, that defendants asserted in their answer that the NPD arrested Runyon on November 17, 2011.

2

injuring Runyon's ribs, rendering each of those officers individually liable to Runyon under 42 U.S.C. § 1983.

Claim 3.  One or more unnamed John Doe NPD officers, and their employer, the NPD, are liable to Runyon under state law, for the intentional torts of assault and battery, for the officers' use of unreasonable force in arresting Runyon in November 2011, in that, knowing that their conduct was likely to injure Runyon, the officers shocked Runyon with stun guns multiple times while repeatedly kicking and striking him.

Claim 4.  NPD Officers Peter Laroche, Dennis Lee, and other unnamed NPD officers, and their employer, the NPD, are liable to Runyon under state law, for the intentional torts of assault and battery, for the officers' use of unreasonable force in arresting and transporting Runyon to the NPD, in that, knowing that their actions would injure Runyon: (a) Lee and Laroche deliberately rammed Runyon's head into a wire cage as they put him into a police cruiser, injuring his head; and (b) Lee and other NPD officers repeatedly slammed Runyon against a door upon their arrival at the NPD, injuring Runyon's ribs.

II.  New Allegations

For reasons stated in the R&R, the motion regarding "self-defense" (doc. no. 41) is construed as seeking leave to add new allegations to the complaint, relating to Runyon's November 2011 arrest.  That motion (doc. no. 41) is granted.  The following allegations are deemed asserted in this action, with respect to the November 2011 arrest: (a) the unnamed officers did not identify themselves as police officers; (b) Runyon did not know that they were officers; and (c) Runyon fought back when the officers assaulted him in order to protect himself.

III. Requests for Relief

The motions docketed as Documents Nos. 43-44 are construed to be complaint addenda.  Those documents specify the relief requested by Runyon.  Without commenting on whether such relief could be awarded in this lawsuit, the court directs the clerk to redocket those motions as complaint addenda.

IV. Service

A.  Claims 1 and 3

Runyon has not named the responsible officers with respect to the November 2011 arrest (Claims 1 and 3 above).  Runyon has shown that he is not presently able to identify those officers.  The court concludes at this time that the discovery process is reasonably likely to yield the officers' names.  The court therefore directs service of Claims 1 and 3, above, upon two unnamed "John Doe" NPD officers, and directs service of Claim 3 upon their employer, the NPD, an agency of the City of Nashua.

B.  Claims 2 and 4

The § 1983 claim relating to the February 24, 2011, arrest (Claim 2) has been served upon NPD Officers Lee and LaRoche.  For reasons stated in the R&R, the court directs service of the pendent intentional tort claim (Claim 4) upon the same officers and their employer, the NPD, an agency of the City of Nashua.

C.   Instructions to Clerk and Parties

The clerk's office is directed to complete and issue summonses for the following new defendants: NPD and NPD Officers John Doe 1 and John Doe 2, using the NPD's address for service: O (Zero) Panther Drive, Nashua, NH 03062.  The clerk's office shall forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office"): the summonses; the complaint and addenda thereto (doc. nos. 1, 7-9, 13, 15-22, 27, 29-31, 35-37, and 40-46); the February 14, 2013, report and recommendation (doc. no. 32); the March 8, 2013, order (doc. no. 38); the report and recommendation issued this date; and this order.  Upon receipt of the necessary documentation, the U.S. Marshal's office shall serve defendants, pursuant to Fed. R. Civ. P. 4(c)(3), 4(e), and 4(j)(2).  See also N.H. Rev. Stat. Ann. § 510:10.

Defendant NPD and NPD Officers John Doe 1 and John Doe 2 are instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).  Defendant NPD Officers Lee, LaRoche, Gaphardt, Silva, and Sgt. Bolton are directed to file their answer or other response to the new allegations and claims added to this lawsuit through this order, within twenty-eight days of the date of this order.

Runyon is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendants by delivering or mailing the materials to them or their attorney(s), pursuant to Fed. R. Civ. P. 5(b).

SO ORDERED.

_____
Landya McCafferty
United States Magistrate Judge

April 9, 2013

cc: Fred Runyon, pro se
    Brian Cullen, Esq.

LBM:nmd